**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | **CRIMINAL NO. 23-316 (RAM)** |
| KIRYAN MARIE FLORES-TORRES, | |
| **Defendant.** | |

<u>**MEMORANDUM AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Kiryan Marie Flores-Torres' ("Defendant" or "Ms. Flores") *Motion for Release Pending Appeal* ("*Motion*"). (Docket No. 59). For the reasons set out below, Defendant's request is **DENIED**.

## I. PROCEDURAL BACKGROUND

On August 17, 2023, Defendant was arrested for possession with intent to distribute twelve kilograms of cocaine. (Docket Nos. 1 and 63 at 1). Defendant was indicted on August 24, 2023, under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Docket No. 9). Defendant pleaded guilty via a straight plea on April 10, 2024. (Docket No. 30). On August 20, 2024, the Court sentenced her to thirty months of imprisonment followed by a three-year term of supervised release. (Docket Nos. 48 and 49). Defendant sought a stay on execution of the sentence, which the Court granted and set

her date of voluntary surrender for September 4, 2024. (Docket No. 48).

On August 22, 2024, the United States Probation Office ("Probation Office") filed an informative motion, notifying the Court that Defendant had violated her supervision conditions. (Docket No. 52). The Court ordered Defendant to report to the United States Marshals Service on August 26, 2024. (Docket No. 53). Defendant sought and was denied reconsideration of the Court's order, in part due to Defendant's failure to dispute that she had engaged in multiple violations of her controlled substances bail condition. (Docket Nos. 19; 25; 52; 54 and 55).

Defendant subsequently filed a notice to appeal her judgment and sentence on August 26, 2024. (Docket No. 56). The present *Motion* followed on October 9, 2024, with Defendant arguing that she qualifies for release under 18 U.S.C. § 3143(b). (Docket No. 59 at 2). The Government responded on October 24, 2024, opposing Defendant's *Motion* on the grounds that she did not satisfy the conditions for release under § 3143(b) and 28 U.S.C. § 3145. (Docket No. 63 at 7).

## II. DISCUSSION

Ms. Flores is detained under § 3143(b)(2), which imposes mandatory pre-appeal detention on any person convicted of, *inter alia*, an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act at 21

U.S.C. §§ 801, *et seq*. *See* 18 U.S.C. § 3142(f)(1)(C). She seeks release under § 3145(c), which provides an exception to § 3143(b)'s mandatory detention for detainees who meet "the conditions of release set forth in section 3143...(b)(1)...if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

To qualify for release under § 3143(b)(1), Defendant must show: (i) clear and convincing evidence that she is not likely to be a flight risk or "pose a danger to the safety of any other person or the community"; (ii) her appeal raises a substantial question or law or fact; (iii) a favorable decision on appeal will result in a reduced sentence less than the total of her "time already served plus the expected duration of the appeal process"; and (iv) there are exceptional reasons as to why her detention is inappropriate. 18 U.S.C. § 3143(b)(1); *see* 18 U.S.C. § 3145(c).

Defendant does not meet her statutory burden. Significantly, her *Motion* entirely ignores the "exceptional reasons" requirement of § 3145(c). (Docket No. 59). Defendant also fails to show that her appeal would result in a reduced sentence less than the sum of her time already served and the duration of her appeal, as required by § 3143(b)(1)(B)(iv). Id. at 10-12. Defendant argues that her sentence could be reduced to twenty-four months, but this fails § 3143(b)(1)(B) because Defendant has been in custody for slightly over two months, and it is unlikely her appeal will take twenty-

two months or more to be decided. Id. at 2, 12; 18 U.S.C. §
3143(b)(1)(B)(iv). Defendant does not argue her appeal would
satisfy any of § 3143(b)(1)(B)'s alternative requirements. (Docket
No. 59).

Additionally, the remaining two factors cut against
Defendant's *Motion*. The Court does not believe Defendant has
provided clear and convincing evidence that she does not pose a
flight risk or a danger to the community. *See* 18 U.S.C. §
3143(b)(1)(A). While acknowledging Ms. Flores' responsibilities to
her daughter, the Court is persuaded by the Government's argument
that her repeated violations of her conditions of release and
Probation Office's opposition to Defendant's *Motion* prevent her
from meeting her statutory burden through clear and convincing
evidence. Id. at 3-4; (Docket Nos. 61 at 2 and 63 at 7).

The Court also finds that Defendant has not shown her appeal
raises a substantial question as to whether the Court erred in
denying her a minor role reduction. (Docket Nos. 59 at 6 and 63 at
4-5); *see* 18 U.S.C. § 3143(b)(1)(B); *see also* United States v.
Bayko, 774 F.2d 516, 523 (1st Cir. 1985) (a substantial question
under § 3143(b)(1)(B) is one that is "close" or could "very well
be decided the other way"). As argued by the Government, the record
of the present case weighs against the role reduction and
undermines Defendant's assertion that there is a substantial
question as to whether the role reduction was warranted. (Docket

Nos. 38 at 3-6 and 63 at 5). Furthermore, even if a substantial question was present, Ms. Flores' failure to satisfy the remaining statutory requirements prevents her *Motion* from succeeding.

### III. CONCLUSION

For the foregoing reasons, Defendant's *Motion for Release Pending Appeal* at Docket No. 59 is hereby **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of October 2024.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE